IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY WILLIAMS,

       Plaintiff,                        No. CIV S-08-0028 MCE KJM P

     vs.

MARK SLAUGHTER,                 ORDER AND

       Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding pro se with a civil rights action under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by plaintiffs proceeding in forma pauperis. 28 U.S.C. § 1915(a). The court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

/////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell
11 Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007).  In order to survive
12 dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation
13 of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a
14 right to relief above the speculative level." Bell Atlantic, id.  However, "[s]pecific facts are not
15 necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . .
16 claim is and the grounds upon which it rests."'"  Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197,
17 2200 (2007).  In reviewing a complaint under this standard, the court must accept as true the
18 allegations of the complaint in question, Erickson, id., and construe the pleading in the light most
19 favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
20    Plaintiff alleges that his appointed attorney did not call necessary witnesses at
21 plaintiff's criminal trial and did not file a timely appeal; he also alleges that evidence was
22 altered.
23 Plaintiff was found guilty and is currently on five years probation.
24    In  Heck v. Humphrey, 512 U.S. 477, 486-87  (1994), the Supreme Court ruled a
25 § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction
26 is not cognizable unless the plaintiff can show his conviction has been reversed.  Plaintiff's

1 complaint shows that his conviction has not been reversed.  Accordingly, he cannot proceed with
2 this action.

3       In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request
4 for leave to proceed in forma pauperis is granted.

5       IT IS HEREBY RECOMMENDED that this action be dismissed.

6       These findings and recommendations are submitted to the United States District
7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
8 days after being served with these findings and recommendations, plaintiff may file written
9 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
11 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
12 F.2d 1153 (9th Cir. 1991).
13 DATED: June 3, 2008.

_____
U.S. MAGISTRATE JUDGE

2
will0028.56

3